UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.                                         5:18-CR-353
                                                (FJS)

DAQUAN DOWDELL a/k/a Cannon; ANTHONY
HOPPER, a/k/a A-Dog; JAVON PETERSON;
DAVON SULLIVAN; JAMAR LONG;
DESHAWNTE WALLER; SHAQUILLE
BRELAND; REDDELL SMITH; RASHAWN
WYNN a/k/a Wormy; QUALIK VAUGH, a/k/a Q;
TERRY LINEN; JASON LEBRON a/k/a Rilla;
KEMNORRIS KINSEY, a/k/a Pep; and
DAMANI PRINCE,

                         **Defendants.**

---

### ORDER

On November 6, 2018, the Government filed a motion for a protective order. *See* Dkt. No. 41. Defendants Peterson, Vaugh, Lebron, Breland, Kinsey, Sullivan, Waller, Long, Dowdell, Smith, Hopper, and Linen filed responses in opposition to the Government's motion. *See* Dkt. Nos. 42, 43, 44, 45, 46, 49, 50, 51, 52, 54, 55, and 56.

Having reviewed the parties' submissions and the applicable law, the Court finds that the Government has made a sufficient showing in its application to warrant an Order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure for a protective order regarding disclosure of certain materials in the interest of justice, namely the trial of the above-captioned matter. Therefore, the Court hereby

**ORDERS** that any disclosures that the Government makes pursuant to Rule 14.1 of this District's Local Rules of Criminal Procedure shall be used solely to prepare the defense of this case and may not be shared, absent additional Court order, with anyone other than Defendants, defense

counsel and/or those employed by defendant counsel, who are involved in Defendants' representation in this case; and the Court further

**ORDERS** that the Government is authorized to designate as "Protected Materials" certain discovery materials that may reveal the identity of witnesses and/or that might reveal sensitive, non-public information regarding victims and others not involved in the crimes alleged. The Government shall clearly identify such materials by labeling them as "Protected Materials"; and the Court further

**ORDERS** that the Protected Materials may be shown to and reviewed with an incarcerated Defendant, but such incarcerated Defendants may not maintain a copy of the Protected Materials while incarcerated. Any portions of motions or applications referring to Protected Materials shall be filed under seal; and the Court further

**ORDERS** that nothing in this Order shall prevent defense counsel from making an application to the Court challenging the Government's designation of materials as Protected Materials and/or seeking additional use and disclosure of such materials. In any such application, defense counsel shall file under seal any materials that constitute or reference materials designated as Protected Materials. In addition, defense counsel must continue to maintain the materials consistent with these protections while any such application is pending.

**IT IS SO ORDERED.**

Dated: November 21, 2018
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge